CV 10-4010

Denis P. Duffey Jr. (DD 9812)
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York 10019
(212) 765-2100
Attorneys for Plaintiffs

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 02 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF THE PENSION
AND WELFARE FUNDS OF THE MOVING
PICTURE MACHINE OPERATORS UNION,
LOCAL 306, I.A.T.S.E., AFL-CIO

                    Plaintiffs,

  -against-

CITADEL CINEMAS, INC.

                    Defendant.
-------------------------------------------------------------X

COMPLAINT

JOHNSON

REYES, M.J.

Plaintiffs, by their attorneys, Spivak Lipton, LLP, complaining of the Defendant, respectfully show to this Court and allege as follows:

NATURE OF ACTION

1. This is an action brought by the trustees of employee benefit plans under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq., to compel an employer to submit to an audit of its books and records.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action against Defendant Citadel Cinemas, Inc. ("Citadel" or the "Defendant"), which is a corporation, under Sections 502(a)(3), 502(e)(1), 502(f), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145.

3. Venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the employee benefit plans are administered in this district.

## PARTIES

4. At all relevant times, Plaintiffs, the Trustees (the "Trustees" or "Plaintiffs") of the Pension and Welfare Funds of the Moving Picture Machine Operators Union, Local 306, I.A.T.S.E., AFL-CIO (the "Funds"), have administered and now administer the Funds.

5. The Funds were established on January 23, 1951 by an Agreement and Declaration of Trust (the "Trust Agreement"), which has been amended from time to time thereafter.

6. At all relevant times, the Funds have been and are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), 1002(2), 1002(3), and 1132(d)(1), and the principal place where the Funds are administered is at 303 Merrick Road, Lynbrook, New York, 11563.

7. The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Moving Picture Machine Operators Union of

Greater New York, Local 306 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("Local 306"), to invest and maintain those monies to distribute retirement benefits to those qualified to receive them, and to provide health and welfare benefits (including disability, hospitalization, surgical, and medical benefits) to those qualified to receive them.

8. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation duly organized and existing under the laws of the State of Nevada, with its principal offices located at 500 Citadel Drive, Suite 300, Commerce, CA, 90040, and with various places of businesses in New York State. Defendant is also registered as an active foreign corporation in New York State, with offices at 950 Third Avenue, New York, NY, 10022. It is engaged in the business of exhibiting commercially produced motion pictures to the public, and is and was at all relevant times, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12), and 4(a)(1) of ERISA, §§29 U.S.C. 1002(5), 1002(11), 1002(12), and 1003(a)(1).

## FACTS

9. Defendant Citadel has at all relevant times been a party to a series of collective bargaining agreements with Local 306 (the "CBAs"), including most recently an agreement with a term from February 1, 2003 to January 31, 2006 ("2003-2006 CBA").

10. The CBAs obligated Defendant to make pension and welfare payments to the Funds on behalf of each employee covered by the CBAs, including through Article XI of the 2003-2006 CBA.

3

11. After January 31, 2006, Defendant continued to make contributions to the Funds during that year that purported to be in accordance with the provision of the 2003-2006 CBA.

12. By letter from counsel for Defendant to the administrator of the Funds dated December 20, 2006, Defendant advised the Pension Fund that it had effected a complete withdrawal from the Pension Fund.

13. The Trustees have adopted Collection Guidelines governing the collection of delinquent contributions to the Funds and the conduct of audits of Fund contributions. The Collection Guidelines became effective on January 1, 2001 and were amended effective June 20, 2007.

14. The Trust Agreement and the Collection Guidelines authorize the Funds to conduct audits of the books and records of participating employers in order to determine whether all contributions required under collective bargaining agreements have been reported and made.

15. In a letter dated May 29, 2009, an auditor acting on behalf of the Trustees (the "Auditor") contacted the Defendant and attempted to arrange for an audit of Defendant's relevant records in order to determine whether any contributions were owed to the Funds for the period 2001-2004. The Defendant thereafter failed and refused to cooperate in such an audit.

16. In July 2009, Defendant agreed to cooperate in an audit of Defendant's

contributions to the Funds for the period from July 2003 through December 2006 (the "2003-2006 Audit").

17. Thereafter, the Auditor made repeated attempts to obtain information needed to conduct the 2003-2006 Audit from Defendant, but Defendant failed and refused to provide such records.

18. By letter to counsel for Defendant dated June 15, 2010, undersigned counsel for Plaintiffs notified Defendant that unless the information previously requested by the Auditor was provided within fourteen (14) days, the Funds would pursue their legal remedies.

19. To date, Defendant has failed and refused to provide the requested information or to otherwise cooperate with the 2003-2006 Audit.

20. Defendant's failure and refusal to provide the requested information and/or otherwise cooperate with the 2003-3006 Audit constitutes a failure and refusal to submit to an audit of its books and records by the Funds and is a violation of the CBAs; the Funds' applicable plan documents, Trust Agreement, and Collection Guidelines; and ERISA. Plaintiffs seek enforcement of their rights under Section 502(a)(3)(B)(i) and (ii) of ERISA, 29 U.S.C. § 1132(a)(3)(B)(i) and (ii).

<u>FIRST CAUSE OF ACTION FOR AN AUDIT</u>

21. Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 20 hereof.

22. Defendant is required for all work performed from July 2003 through December 2006 to submit to an audit of its books and records by the Funds and to reimburse the Funds for their costs in performing such an audit.

23. By failing and refusing to cooperate with Trustees' effort to conduct the 2003-2006 Audit, including by failing and refusing to provide information necessary for completion of the 2003-2006 Audit after such information has been requested by the Auditor, Defendant has failed and refused to submit to the 2003-2006 Audit.

24. By failing and refusing to submit to the 2003-2006 Audit as alleged, Defendant has violated the CBAs; the Funds' applicable plan documents, Trust Agreement, and Collection Guidelines; and ERISA.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request an Order and Judgment against Defendant:

(a) Requiring Defendant to submit to an audit of its books and records for all work performed from July 1, 2003 through December 31, 2006, including by providing information needed for that audit to the Trustees, and to reimburse Plaintiffs' costs in performing such an audit;

6

(b) For their costs, including reasonable attorneys' fees, incurred in bringing and maintaining this action;

(c) That this Court shall retain jurisdiction to enforce the Defendant's continuing obligations under the applicable provisions of the CBAs and of the Trust Agreement and Collection Guidelines, as amended; and

(d) For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 31, 2010

>SPIVAK LIPTON LLP
>1700 Broadway, Suite 2100
>New York, New York 10019
>Attorneys for Plaintiffs
>
>By: _____
>Denis P. Duffey Jr. (DD 9812)